1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONECCIONES AGRICOLAS S. DE R.L. DE C.V., a Mexican Corporation,<br><br>                     Plaintiff,<br><br>   vs.<br><br>ORGANIC ALLIANCE, INC., a California Corporation, and PARKER BOOTH, an individual,<br><br>                    Defendants. | CASE NO. 13cv2619-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Entry of Default Judgment against Defendants Organic Alliance, Inc. and Parker Booth filed by Plaintiff Conecciones Agricolas S. De R.L. De C.V.  (ECF No. 5).

## I.    Background

On October 29, 2013, Plaintiff initiated this action by filing the Complaint against Defendants.  (ECF No. 1).  On December 18, 2013, Plaintiff filed a proof of service for both Organic Alliance, Inc. and Parker Booth.  (ECF Nos. 3, 4).  The proofs of service state that Justin Premo personally served both Organic Alliance, Inc. and Parker Booth on November 22, 2013 at 19543 Cortina Ct., Salinas, California 93908.  *Id.*  Defendant did not file an answer or otherwise appear in the case.

On December 20, 2013, Plaintiff filed a Request for Clerk's Entry of Default against the Defendants.  (ECF No. 5).  On January 16, 2014, the Clerk of the Court

1  entered default against Defendants.  (ECF No. 6).  On February 20, 2014, Plaintiff filed

2  the Motion for Entry of Default Judgment against Defendants.  (ECF No. 7).

**II.     Allegations of the Complaint**

4       In July of 2012, Defendants "entered into a Distribution Agreement" with

5  Plaintiff.  (ECF No. 1 at 3 ¶ 9).  "Plaintiff agreed to ship its produce, specifically grape

6  and roma tomatoes, cucumbers and green beans to Defendants for [delivery and] sale

7  in the United States."  *Id.*  "Defendants ... agreed to buy Plaintiff's produce, thirty

8  percent (30%) at set prices and seventy percent (70%) on commissions.  Defendants

9  were to take delivery, sell the produce, and remit the proceeds to Plaintiff, minus ten

10  percent (10%) commission."  *Id.* ¶ 10.  "Defendant[s] ... purchased Plaintiff's and/or

11  accepted and sold Plaintiff's product on commission, but ... failed to remit $134,440.00

12  in sales proceeds in violation of the ... [Distribution Agreement]."  *Id.* ¶ 14.

13       Plaintiff asserts six claims as follows: (1) breach of contract; (2) violation of the

14  Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(b); (3) breach of

15  fiduciary duty; (4) goods had and received; (5) unjust enrichment; and (6) conversion.

16  (ECF No. 1).

**III.    Ruling of the Court**

**A.     Default Judgment**

19       Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the

20  Court enter default "when a party against whom a judgment for affirmative relief is

21  sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

22  otherwise."  Fed. R. Civ. P. 55(a).

23       Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may

24  grant a default judgment after default has been entered by the Clerk of the Court.  Fed.

25  R. Civ. P. 55(b)(2).  The Ninth Circuit has articulated the following factors for courts

26  to consider in determining whether a default judgment should be granted:

27       (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
         substantive claim, (3) the sufficiency of the complaint, (4) the sum of
28       money at stake in the action; (5) the possibility of a dispute concerning
         material facts; (6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).

> Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing.... If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled.

*Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citations omitted).

Plaintiff has demonstrated that Defendants were duly served. (ECF Nos. 3,4). The docket reflects that Defendants have not filed a responsive pleading. The Clerk of the Court has entered Defendants' default. (ECF No. 6).

The factual allegations of the Complaint are sufficient to sustain Claims One, Two, Three, Four, and Six alleged in the Complaint. (ECF No. 1). "Unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *see also Calif. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Calif., Inc.*, 94 Cal. App. 4th 151, 171-72 (2001). Plaintiff is not entitled to default judgment for Claim Five, unjust enrichment. The factual allegations of the Complaint for Claim One, breach of contract, are sufficient to show the existence of an enforceable binding agreement between Plaintiff and Defendants.

The possibility of prejudice to Plaintiff is high if the Court does not enter default judgment. If Plaintiff is not granted default judgment, it may be without any recourse

for recovery.  The possibility that Defendants' default was due to excusable neglect appears to be low.  *See Microsoft Corp. v. Lopez*, No. C08-1743, 2009 WL 959219, at *3 (W.D. Wash., Apr. 7, 2009) (same, when "Defendant received notice of Microsoft's intention to pursue civil remedies both through receipt of the cease and desist letter and service of the Complaint").  Although there is a "strong policy ... favoring decision on the merits" *Eitel*, 782 F.2d at 1472, "the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive.  Moreover, defendant's failure to answer [plaintiff's] complaint makes a decision on the merits impractical, if not impossible." *Philip Morris USA*, 219 F.R.D. at 501 (quotation omitted).  The Court has considered the factors articulated in *Eitel* and the Court concludes that Plaintiff is entitled to default judgment against Defendants for Claims One, Two, Three, Four, and Six, pursuant to Rule 55(b)(2).

### B.    Damages

Plaintiff seeks damages in the amount of the value of unpaid produce sold to Defendants.  (ECF No. 7 at 2 ¶ 3).  In support of its request, Plaintiff attaches to the Motion for Entry of Default Judgment a declaration by Plaintiff's attorney J. Ray Ayers stating that "[t]here is now due and owing a principal sum of $134,440.56 by Defendants, which represents the value of the produce sold to Defendants or accepted and sold by Defendants on Plaintiff's behalf, but for which Plaintiff has not been paid." (ECF No. 7-1 at ¶ 5). Plaintiff provides a copy of "an account liquidation generated by Plaintiff evidencing the total amount that Defendants owe Plaintiff." *Id*. at 5.  The account liquidation table lists various "total liquidation due" amounts and corresponding "arrival dates."  The table states a "total amount due" of $134,440.56, however it is unclear how this total was reached because the "total liquidation due" amounts add up to significantly less than $134,440.56. *Id*.  It is also not clear that the information provided in the table corresponds with Defendants' account with Plaintiff.

Upon review of Ayers' declaration and the account liquidation table, the Court finds that Plaintiff has not established by a preponderance of the evidence that it is

entitled to $134,440.56 in damages.

**IV.    Conclusion**

      IT IS HEREBY ORDERED that the Motion for Entry of Default Judgment filed by Plaintiff Conecciones Agricolas S. De R.L. De C.V. against Defendants Organic Alliance, Inc. and Parker Booth (ECF No. 7) is DENIED without prejudice.  Plaintiff may file an amended motion for default judgment within thirty (30) days from the date this Order is filed.

DATED:  May 14, 2014

**WILLIAM Q. HAYES**
United States District Judge